IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
July 31, 2017 Session

### IN RE KENDALL H.

**Appeal from the Circuit Court for Hamblen County**
**No. 16AD02    Thomas J. Wright, Judge**

_____

**No. E2017-01034-COA-R3-PT**
_____

This is an appeal from an order terminating the parental rights of the appellant to her minor child, Kendall H. The only Notice of Appeal filed by the appellant was signed only by her attorney. The appellees have filed a motion to dismiss this appeal arguing that the Notice of Appeal was insufficient to invoke this Court's jurisdiction because it did not comply with Tennessee Code Annotated section 36-1-124(d), which states: "Any notice of appeal filed in a termination of parental rights action shall be signed by the appellant." The absence of appellant's signature on the notice of appeal deprives us of jurisdiction in this case. Accordingly, this case is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

CHARLES D. SUSANO, JR., J., D. MICHAEL SWINEY, C.J., AND JOHN W. MCCLARTY, J.

Gerald T. Eidson, Rogersville, Tennessee, for the appellant.

Aaron Chapman, Morristown, Tennessee, for the appellees.

Russell S. Veldman, Dandridge, Tennessee, Guardian Ad Litem.

### MEMORANDUM OPINION[1]

_____

[1]Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

In *In re Gabrielle W.*, No. E2016-02064-COA-R3-PT, 2017 WL 2954684, *3-4 (Tenn. Ct. App. July 11, 2017), this Court recently held that an appellant's failure to sign the notice of appeal in a termination of parental rights appeal in accordance with the statute deprives this Court of jurisdiction, requiring dismissal of the appeal. *See also In re Mya V.*, No. M2016-02401-COA-R3-PT, 2017 WL 3209181, *3 (Tenn. Ct. App. July 28, 2017). In *In re Catherine J.*, No. W2017-00491-COA-R3-PT, 2017-3141825, *2-4 (Tenn. Ct. App. July 24, 2017), this Court also held that any attempt to correct an appellant's failure to sign the notice of appeal in a termination of parental rights appeal must occur during the thirty-day time limit for filing a notice of appeal in order for the jurisdictional defect to be cured. Counsel for the appellees relies on the decision in *In re Gabrielle W.* in support of his motion to dismiss, which was filed before the Court issued its decisions in *In re Catherine J.* or *In re Mya V.* The appellant has filed no response to the motion to dismiss. The motion to dismiss is well-taken.

Because the Notice of Appeal in this case was insufficient to invoke this Court's jurisdiction within the time provided in Rule 4(a) of the Tennessee Rules of Appellate Procedure, we lack jurisdiction to consider this appeal.[2] The motion to dismiss is granted and this appeal is dismissed. Costs on appeal are taxed to the appellant, for which execution may issue if necessary.

**PER CURIAM**

---

[2]Effective July 1, 2017, Rule 4(a) was amended to require that notices of appeal be filed with the appellate court clerk rather than the trial court clerk. The amendment has no impact on the outcome of this case as the thirty-day time limit for filing a notice of appeal pursuant to the rule was not changed.